UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC WRIGHT,

                        Plaintiff,                      1:22-CV-0515
                                                                           (MAD/ML)
v.

MARTIN, HARDING and MAZZOTTI,
LLP; and CASSANDRA ANNE
KAZUKENUS, ESQ., Individually,

                        Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

ERIC WRIGHT
  Plaintiff, *Pro Se*
1038 Regent Street
Schenectady, New York 12309

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2), a motion for ECF login (Dkt. No. 4), and an amended application to proceed *in forma pauperis* (Dkt. No. 6) to the Court for review. For the reasons discussed below, Plaintiff's amended motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is granted, his motion for ECF login credentials (Dkt. No. 4) is granted, his motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is denied as moot, and I recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety with leave to amend.

I.      **BACKGROUND**

Liberally construed,[1] Plaintiff's Complaint asserts that his rights were violated by Defendants Martin, Harding and Mazzotti, LLP ("Defendant MHM") and Cassandra Anne Kazukenus, Esq. ("Defendant Kazukenus") (collectively "Defendants"). (*See generally* Dkt. No. 1.) More specifically, the Complaint alleges that Defendants discriminated and retaliated against him on the basis of his race, national origin/ethnic heritage, and gender. (*Id*.)

Plaintiff alleges that he was hired as a law clerk by Defendant MHM on March 25, 2018. (*Id*.) Plaintiff alleges that at some unspecified time, he was suspended from his employment pending an investigation into allegations made by two Caucasian female employees, who alleged (1) that Plaintiff made sexually harassing comments to Defendant Kazukenus, and (2) for stalking, harassing, and intimidating a paralegal during a lunchtime encounter in Defendant MHM's employee parking lot. (*Id*. at 13.)

Plaintiff alleges that Defendant MHM terminated him on or about November 18, 2020, for sexual harassment because his behavior threatened, intimidated, and made the two female employees uncomfortable. (*Id*. at 14.) Plaintiff alleges that the accusations against him are baseless, racially motivated, exaggerated, and that Defendants aided and abetted the accusing females. (*Id*.) Plaintiff alleges that Defendants "blamed him for conduct which objectively could not be considered harassing, intimidating, or threatening . . . based on implicit negative stereotypes of Black males by Caucasian females." (*Id*.)

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Plaintiff alleges that after he "made them aware of systemic racism . . . . and its effect on the lives of Black Americans, [Plaintiff] became a victim of that very thing by these false allegations." (*Id*. at 15.) Plaintiff alleges that in November 2020—the time of his termination—he was the only Black professional member of Defendant MHM. (*Id*. at 15.) Plaintiff alleges that he was terminated because he is a Black man, social justice activist, and Defendants elected to believe the unsubstantiated accusations of Caucasian staff members. (*Id*.)

Plaintiff alleges that he suffered adverse employment actions by Defendants including suspension, termination, loss of benefits, and financial distress. (*Id*. at 14.) Plaintiff alleges that he now suffers from panic attacks and depression including Major Depression and Generalized Anxiety Disorder. (*Id*.)

Based on these factual allegations, Plaintiff alleges the following three claims: (1) a claim of discrimination against Defendants pursuant to Title VII; (2) a claim of retaliation pursuant to Title VII; and (3) a claim of hostile work environment pursuant to Title VII. (*See generally* Dkt. No. 1.) Plaintiff seeks the following seven forms of relief: (1) back pay and lost benefits; (2) damages for emotional grief, stress, humiliation, career damage, and physical harm; (3) an injunction requiring Defendants to re-employ him, or, in the alternative, front pay and benefits; (4) pre- and post-judgment interest; (5) attorneys' fees and costs; (6) litigation expenses; and (7) any other relief that the Court deems just and proper.

Plaintiff also filed an application to proceed *in forma pauperis*. (Dkt. Nos. 2, 6.)

## II.   PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's amended *in forma pauperis* application (Dkt. No. 6), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's amended application to proceed *in forma pauperis* is granted.[3]

Because Plaintiff's amended application to proceed *in forma pauperis* is granted, the Court denies Plaintiff's application to proceed *in forma pauperis* as moot. (Dkt. No. 2.)

### III. RELEVANT LEGAL STANDARDS

#### A. Legal Standard Governing Initial Review of a Complaint

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a

---

[2] The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3] Plaintiff is reminded that, although his amended application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law,

or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

### B. Legal Standards Governing Plaintiff's Claims

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of," *inter alia*, "such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Thus, by definition, "Title VII protects a limited class of persons from discrimination." *Kiley v. Am. Soc'y for Prevention of Cruelty to Animals,* 296 F. App'x 107, 109 (2d Cir. 2008) (quoting 42 U.S.C. § 2000e-2(a)(1)-(2)). Only employers can be held liable under Title VII claims. *Reynolds v. Barrett,* 685 F.3d 193, 202 (2d Cir. 2012).

Before a plaintiff can bring a private civil action under Title VII, he must satisfy a jurisdictional prerequisite by filing a charge with the EEOC. *Morgan v. NYS Att'y Gen.'s Off.,* 11-CV-9389, 2013 WL 491525, at *6 (S.D.N.Y. Feb. 8, 2013) (citing *Chin v. Port Auth. of New York & New Jersey,* 685 F.3d 135, 146 (2d Cir. 2012) (citing 42 U.S.C. §§ 2000e–5 (e)(1), (f)(1))).

**1.     Discrimination**

To state a discrimination claim under Title VII, a plaintiff must allege four elements: "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination." *Bir v. Pfizer, Inc.*, 510 F. App'x 29, 30 (2d Cir. 2013) (quoting *Reynolds*, 685 F.3d at 202 (internal quotation marks and alteration omitted)). "A showing of disparate treatment–that is, a showing that the employer treated plaintiff less favorably than a similarly situated employee outside his protected group–is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003).

At the pleadings stage of Title VII discrimination claims, "the allegations in the complaint need only give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas* in the initial phase of Title VII litigation." *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Thus, it is not necessary for a plaintiff to plead a prima facie case for discrimination, "because the *McDonnel Douglas* burden shifting standard is 'an evidentiary standard, not a pleading standard.'" *Barton v. Warren Cnty.*, 19-CV-1061, 2020 WL 4569465, at *5 (N.D.N.Y. Aug. 7, 2020) (Suddaby, C.J.) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 515 (2002)). Based on *McDonnel Douglas*, a plaintiff will survive a motion to dismiss in a "Title VII discrimination case . . . [if he] . . . plausibly allege[s] that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). A Title VII discrimination complaint satisfies Fed. R. Civ. P. 8(a) if it gives the

7

defendant "fair notice" of the claims, by "indicat[ing] the possibility of discrimination and thus present[ing] a plausible claim for disparate treatment." *Barton*, 2020 WL 4569465 at *5 (quoting *Marchioli v. Garland Co., Inc.*, 11-CV-0124, 2011 WL 1983350, at *3 (N.D.N.Y. May 20, 2011) (D'Agostino, J.)). This pleading burden may be met by the plaintiff if he "allege[s] facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F.3d at 87 (citing *Littlejohn*, 795 F.3d at 310).

### 2. Retaliation

To state a prima facie claim for retaliation under Title VII, a plaintiff must allege facts plausibly suggesting four elements: "(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013). "Section 704(a) of Title VII prohibits retaliation against two kinds of protected activity: 'participation' in investigations into discrimination and 'opposition' to conduct prohibited by the statute." *Irons v. Bedford-Stuyvesant Cmty. Legal Servs.*, 13-CV-4467, 2015 WL 5692860, at *18 (E.D.N.Y. Sept. 28, 2015). "Under the opposition clause, 'a plaintiff engages in a protected activity when he or she opposes an employment practice made unlawful under the provisions of Title VII.'" *Cooper v. N.Y. Dep't of Labor*, 14-CV-0717, 2015 WL 5918263 at *6 (N.D.N.Y. 2015) (Suddaby, C.J.) (quoting *Kauffman v. Maxim Healthcare Servs., Inc.*, 04-CV-2869, 2006 WL 1983196, at *5 (E.D.N.Y. July 13, 2006)). Notably, a plaintiff need not allege "that the conduct she opposed was actually a violation of Title VII, but only that she possessed a good faith, reasonable belief that the underlying employment practice was unlawful under that statute." *Summa*, 708 F.3d at

126, (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)).

"The required showing of an adverse employment action differs in the context of a retaliation claim from the required showing in a discrimination claim. In the context of retaliation claims, adverse employment actions are defined broadly as employer actions that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Lampros v. Banco do Brasil, S.A.*, 10-CV-9576, 2012 WL 6021091, at *9 (S.D.N.Y. Dec. 4, 2012) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)); *see also Seale v. Madison Cnty.*, 929 F. Supp. 2d 51, 75 (N.D.N.Y. Mar. 7, 2013) (Suddaby, J.) (holding that an employer moving an employee to a different building and changing that employee's work hours are enough of an inconvenience to constitute an adverse employment action in the context of retaliation, but not in a discrimination claim).

Finally, "[i]n Title VII retaliation claims, a plaintiff may establish a causal connection between the protected activity and the adverse employment action either through direct evidence of retaliatory animus, or by circumstantial evidence." *Humphrey v. Cnty. of Nassau*, 06-CV-3682, 2009 WL 875534, at *15 (E.D.N.Y. Mar. 30, 2009).

### 3. Hostile Work Environment

To state a hostile work environment claim under Title VII, "a plaintiff must plead facts that would tend to show that the complained conduct: (1) is objectively severe or pervasive–that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." *Barton*, 2020 WL 4569465 at *8 (quoting *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007)). "To satisfy this standard, a plaintiff must 'produce

enough evidence to show that the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Andersen v. Rochester City Sch. Dist.*, 481 F. App'x 628, 630 (2d Cir. 2012) (quoting *Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 102 (2d Cir. 2010)). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Littlejohn*, 795 F.3d at 321 (quoting *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014)). "Hostile work environment claims, however, 'are meant to protect individuals from abuse and trauma that is severe' and 'are not intended to promote or enforce civility, gentility, or even decency.'" *Prindle v. City of Norwich*, 15-CV-1481, 2018 WL 1582429, at *10 (N.D.N.Y. Mar. 27, 2018) (Suddaby, C.J.) (quoting *Curtis v. DiMaio*, 46 F. Supp.2d 206, 213-14 (E.D.N.Y. 1999), *aff'd*, 205 F.3d 1322 (2d Cir. 2000)). "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Alfano v. Costello*, 294s F.3d 365, 374 (2d Cir. 2002))

### IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

### A.     Claims Against Defendant Kazukenus

Plaintiff sued Defendant Kazukenus individually. However, Title VII does not impose individual personal liability. *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015); *see also Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) ("[U]nder Title VII individual supervisors are not subject to [personal] liability."). Additionally, a plaintiff cannot seek to impose Title VII liability on an individual acting in his or her official capacity. *See Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 410 (E.D.N.Y. 2010) (collecting cases) ("Although the Second Circuit has not yet explicitly decided the issue, 'many recent decisions in this Circuit have rejected Title VII official capacity claims.'") (quoting *Martin v. State Univ. of N.Y.*, 704 F. Supp. 2d 202, 235-36 (E.D.N.Y. 2010)). Because Plaintiff cannot successfully claim that Defendant Kazukenus violated Title VII in either her individual or official capacity, I recommend that Plaintiff's Title VII claims against Defendant Kazukenus be dismissed.

### B.     Claims Against Defendant MHM

#### 1.     Whether Plaintiff Failed to Allege Facts Plausibly Suggesting a Discrimination Claim

After carefully considering the matter, I answer this question in the affirmative.

The Complaint fails to allege facts plausibly suggesting that Plaintiff's race, national origin/ethnic heritage, or gender, had anything to do with his termination or any other allegedly adverse job action. Even giving the allegations in Plaintiff's Complaint a generous construction, Plaintiff alleges that he is a Black male, at least one of his supervisors was a white female, and he experienced some problems during his employment, leading up to and including his termination.

The law is clear, though, that a Title VII plaintiff must allege more than that. "Simply being a member of a protected class, without something more to link that status to the action in question, is not enough to raise a reasonable inference of discriminatory animus." *Cole v. Board of Trustees of Northern Ill. Univ.*, 838 F.3d 888, 900 (7th Cir. 2016); *see also Canady v. Union 1199/SEIU*, 527 F. Supp. 3d 515, 516 (W.D.N.Y. 2021) ("simply falling into a protected category is not enough"); *Perry v. County of Westchester*, 06-CV-3000, 2008 WL 11438085, at *17 (S.D.N.Y. Mar. 31, 2008) ("Plaintiff's membership in a protected class in and of itself does not establish discriminatory animus"); *see also Karunakaran v. Borough of Manhattan Cmty. Coll.*, 18-CV-10723, 2022 WL 902370, at *3 (S.D.N.Y. Mar. 28, 2022) (quoting *Littlejohn*, 795 F.3d at 311) ("Although a plaintiff is not required to plead facts proving each element of a *prima facie* case of discrimination at the pleading stage, her allegations must provide 'plausible support' for a 'minimal inference' that the employer was motivated by discriminatory intent.").

Beyond conclusory allegations that he was terminated as a result of discrimination, Plaintiff does not allege any specific facts showing that the termination was related to discrimination on the basis of his race, national origin, or gender. *Karunakaran*, 2022 WL 902370, at *3.

Further, to the extent that Plaintiff sought to allege a discrimination claim based on disparate treatment, I recommend that it be dismissed because Plaintiff's allegations are entirely conclusory.

"To establish an inference of discrimination, a plaintiff must allege that 'she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.'" *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). The judgment rests on "whether the plaintiff and

those he maintains were similarly situated were subject to the same workplace standards." *Brown*, 756 F.3d at 230 (quoting *Graham*, 230 F.3d at 40). "The plaintiff's and comparator's circumstances must bear a 'reasonably close resemblance,' but need not be 'identical.'" *Id.* (quoting *Graham*, 230 F.3d at 40). Absent direct evidence of discrimination, "a plaintiff must plausibly allege facts that *would support a finding* that she suffered an adverse employment action and 'has at least minimal support for the proposition that the employer was motivated by discriminatory intent,'" to survive a motion to dismiss a Title VII claim. *Thomson v. Odyssey House*, 14-CV-3857, 2015 WL 5561209, at *14 (E.D.N.Y. Sept. 21, 2015) (emphasis in original) (quoting *Littlejohn*, 795 F.3d at 311).

Plaintiff alleges that "similar conduct from non-Black, African American males did not result in suspension, termination from employment, or other disciplinary action." (Dkt. No. 1 at ¶ 48.) Plaintiff does not allege how he was similarly situated to these alleged comparators, nor does he provide any specific examples of disparate treatment with respect to these co-workers. (*See generally* Dkt. No. 1); *see Karunakaran*, 2022 WL 902370, at *4 (dismissing the plaintiff's Title VII discrimination claim where the amended complaint did not identify or describe an alleged comparator or describe specific examples of disparate treatment).

As a result, I recommend that Plaintiff's discrimination claim pursuant to Title VII be dismissed for failure to state a claim upon which relief may be granted.

    **2. Whether Plaintiff Failed to Allege Facts Plausibly Suggesting a Retaliation Claim**

After carefully considering the matter, I answer this question in the affirmative.

The Complaint fails to allege facts plausibly suggesting that Plaintiff engaged in protected activity. Plaintiff alleges that he "faced unlawful retaliation for asserting protected rights relating to the presence of systemic ra[cism], and overt discrimination and implicit bias

existing at [Defendant] MHM." (Dkt. No. 1 at ¶ 33.) In addition, Plaintiff alleges that he "was targeted because of [his] race and views on systemic racism and fired because of the same" (Dkt. No. 1 at ¶ 42) and that he is a "social justice activist whose outspokenness on systemic racism brought unwanted attention to [Defendant] MHM's senior management," (Dkt. No. 1 at ¶ 49). However, Plaintiff's involvement advocating for social justice and vocal views on systemic racism do not reflect his opposition to a "practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). Nor could Plaintiff reasonably have believed otherwise. "In defining with great care and precision those behaviors that qualify as 'unlawful employment practices,' the statute lays on employers no obligation to maintain any particular procedures for handling internal complaints. Indeed, the relevant provisions do not touch on the subject at all." *Cooper v. New York State Dep't of Labor*, 819 F.3d 678, 681 (2d Cir. 2016).

"That [Plaintiff] sought to ensure that hypothetical victims of discrimination received a fair shake does not mean that []he 'possessed a good faith, reasonable belief'" that he opposed an "unlawful employment practice" of Defendant MHM under the statute. *Cooper*, 819 F.3d at 682 (citing *Summa*, 708 F.3d at 126; 42 U.S.C. § 2000e-3(a)); *see Cole*, 838 F.3d at 901 (plaintiff's "membership in a protected class, without anything more, is not enough to transform his general complaint about improper workplace practices into a complaint opposing race discrimination").

The Second Circuit held that although "[w]e are mindful that when an employer punishes an employee for conduct intended to secure equality in the workplace, it does little to further—and may hinder—Title VII's primary objective of eradicating invidious discrimination in employment[,] . . . . [w]e may not, in the name of advancing general aims, ignore Congress's choice to carefully circumscribe the universe of 'unlawful employment practices'—and thus to

circumscribe the universe of conduct protected from retaliation." *Cooper*, 819 F.3d at 682 (citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 12 (2014)).

As a result, I recommend that Plaintiff's retaliation claim pursuant to Title VII be dismissed for failure to state a claim upon which relief may be granted.

### 3. Whether Plaintiff Failed to Allege Facts Plausibly Suggesting a Hostile Work Environment Claim

After carefully considering the matter, I answer this question in the affirmative.

First, the Complaint fails to allege facts plausibly suggesting that Plaintiff was "exposed to hostility so pervasive or severe that it altered the conditions of his employment." *Ware v. L-3 Vertex Aerospace, LLC*, 16-CV-8067, 2020 WL 783764, at *9 (S.D.N.Y. Feb. 18, 2020) (citing *Thomas v. iStar Fin., Inc.*, 448 F. Supp. 2d 532, 534 (S.D.N.Y. 2006) (employee failed to establish a hostile work environment when, among other things, his employer ignored his requests for more efficient procedures, accused him of wrongdoing when items went missing, and delayed his training)) (employee failed to allege facts plausibly suggesting a hostile work environment where he alleged, *inter alia*, that he was "baselessly accused of theft.").

Second, the Complaint fails to allege facts plausibly suggesting that any hostility Plaintiff faced was racially motivated. Plaintiff acknowledges that he was terminated based on accusations that he harassed and intimidated other employees of Defendant MHM, but includes extremely speculative and overly conclusive allegations that he faced those accusations because of his race, national origin, or gender, instead of his own behavior. (Dkt. No. 1 at ¶¶ 36-38); *see Toibert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) ("It is axiomatic that the plaintiff must also show that the hostile conduct occurred because of a protected characteristic."); *Daniels v. Am. Airlines*, 19-CV-3110, 2020 WL 9816000, at *18 (E.D.N.Y. Sept. 4, 2020) (citing *LeGrand v. Walmart Stores East, LP*, 779 F. App'x 779, 782 (2d Cir. 2019)) (dismissing the plaintiff's

hostile work environment claim where the "[p]laintiff does not set forth any factual allegations to suggest that [his] colleagues' alleged bullying was motivated by discriminatory intent or because of [the p]laintiff's age or any other protected characteristic.").

As a result, I recommend that Plaintiff's hostile work environment claim pursuant to Title VII be dismissed for failure to state a claim upon which relief may be granted.

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendant MHM. Out of deference to Plaintiff's *pro se* status, I recommend that Plaintiff be granted leave to amend the Complaint. However, I recommend that Plaintiff's Title VII claims against Defendant Kazukenus be dismissed without

leave to amend because the problem with those claims are substantive such that a better pleading will not cure it. *Duncanson v. Kaizer Devs. LLC*, 21-CV-0587, 2021 WL 3914066, at *6 (N.D.N.Y. Aug. 2, 2021) (Lovric, M.J.) (citing *Pitter v. Target Corp.*, 20-CV-0183, 2020 WL 8474858, at *7 (N.D.N.Y. Sept. 1, 2020) (Hummel, M.J.) (recommending dismissal with prejudice and without leave to amend the plaintiff's Title VII claims against the defendant in his personal capacity)) (recommending the plaintiff's Title VII claim against individuals be dismissed without leave to amend), *report and recommendation adopted by*, 2021 WL 3912179 (N.D.N.Y. Sept. 1, 2021) (Suddaby, C.J.).

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).[4]

## VI.   PLAINTIFF'S MOTION FOR ECF LOGIN AND PASSWORD

Plaintiff has also submitted a request for ECF login and password. (Dkt. No. 4.)

---

[4]   To the extent that Plaintiff chooses to file an amended complaint, he is cautioned that the Amended Complaint should relate solely to the alleged wrongs committed by Defendant(s) and should not be interposed with family pictures that have no bearing on the underlying allegations of the case.

The Court has reviewed Plaintiff's request for permission to electronically file documents via CM/ECF. Since Plaintiff has filed a certification as directed showing that he is in compliance with the Court's requirements, permission is granted for Plaintiff to participate in electronic case filing. The Clerk is directed to assign Plaintiff an ECF login and password. The Court may revoke these electronic filing privileges if it determines in its sole discretion that Plaintiff's use of the system is not satisfactory.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's amended application to proceed *in forma pauperis* (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED as moot**; and it is further

**ORDERED** that Plaintiff's motion for ECF login and password (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to assign Plaintiff an ECF login and password; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts claims pursuant to Title VII against Defendant MHM because they fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts claims pursuant to Title VII against Defendant Kazukenus because they fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**ORDERED** that the Clerk of the Court shall file a copy of this Order Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: July 19, 2022
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).