UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC F. WRIGHT SR.,

                          **Plaintiff,**

  vs.                                              1:22-CV-515
                                                       (MAD/ML)
MARTIN, HARDING AND MAZZOTTI, LLP,
and CASSANDRA ANNE KAZUKENUS, ESQ.,
*individually*,

                          **Defendants.**
_____

**APPEARANCES:**                                          **OF COUNSEL:**

**ERIC F. WRIGHT SR.**
1038 Regent Street
Schenectady, New York 12309
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

    *Pro se* Plaintiff Eric Wright, Sr. ("Plaintiff") commenced this action on May 17, 2022, alleging discrimination, retaliation, and a hostile work environment based on race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), against Defendants Martin, Harding and Mazzotti, LLP ("Defendant MHM") and Cassandra Anne Kazukenus, Esq. ("Defendant Kazukenus"). *See* Dkt. No. 1. On the same day, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, and to obtain an ECF login and password. *See* Dkt. No. 4. On July 1, 2022, Plaintiff filed an amended motion to proceed IFP. *See* Dkt. No. 6.

    On July 19, 2022, Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation granting Plaintiff's motions to proceed IFP and for an ECF login, and

1

recommending that the complaint be dismissed without prejudice as to the claims against Defendant MHM, and with prejudice as to the claims against Defendant Kazukenus. *See* Dkt. No. 7. On August 2, 2022, Plaintiff filed an objection to Magistrate Judge Lovric's Order and Report-Recommendation. *See* Dkt. No. 8.

When a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011). Accordingly, the Court will review the Order and Report-Recommendation for clear error. After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). Plaintiff's opposition to the Order and Report-Recommendation consists of a single sentence broadly objecting to those sections recommending dismissal of the complaint. *See* Dkt. No. 8 at 1.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court discerns no clear error in Magistrate Judge Lovric's Order and Report-Recommendation. Magistrate Judge Lovric correctly found that the Title VII claims against Defendant Kazukenus must be dismissed without leave to replead. Title VII does not provide for

individual liability. *See Patterson v. Cty. of Oneida, New York*, 375 F.3d 206, 221 (2d Cir. 2004). Any attempt to amend the claim against Defendant Kazukenus would be futile for that reason. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend").

Magistrate Judge Lovric correctly found that the Title VII claims against Defendant MHM must be dismissed with leave to replead. Plaintiff's Title VII discrimination claim must be dismissed because (1) Plaintiff has failed to factually link—outside of conclusory allegations—that his termination was related to discrimination based on his race, *see Eliacin v. Fiala*, No. 9-CV-438, 2009 WL 4807610, *2 (N.D.N.Y. Dec. 8, 2009), *aff'd*, *Eliacin v. Cnty. of Broome*, 488 Fed. Appx. 504 (2d Cir. 2012); and (2) Plaintiff's generalized allegation that "similar conduct from non-Black, African American males did not result in suspension, termination from employment, or other disciplinary action," Dkt. No. 1 at ¶ 48, is factually insufficient to allege disparate treatment. *See Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) (discussing that a similarly situated employee is one similarly situated in "all material respects") (citation omitted). Plaintiff's Title VII retaliation claim also fails because Plaintiff has failed to allege, with specificity, what "unlawful employment practice" he opposed, or that he "made a charge, testified, assisted, or participated" in any Title VII enforcement "investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). Finally, Plaintiff's Title VII hostile work environment claim must be dismissed because Plaintiff failed to adequately allege (1) conduct that is objectively severe and pervasive, *see Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) ("'[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances,'" including "'the frequency of the discriminatory conduct; its severity; whether it is physically

3

threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance'") (quotations omitted); *see also Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 261 (E.D.N.Y. 2012) ("As a general rule, to constitute a hostile work environment, 'incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive'") (quotation omitted), *aff'd*, 713 F.3d 163 (2d Cir. 2013); and (2) that the hostile or abusive treatment was because of his race. *See Redd*, 678 F.3d at 178 (discussing the necessity of alleging the nexus of the hostility and discriminatory animus).

Finally, the Court agrees with Magistrate Judge Lovric that Plaintiff should be granted an opportunity to amend the claims against Defendant MHM out of deference to his *pro se* status. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("'Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim'") (quotation omitted).

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 7) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the claims against Defendant Kazukenus are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Defendant Kazukenus is **DISMISSED** from this action; and the Court further

**ORDERS** that the claims against Defendant MHM are **DISMISSED without prejudice and with leave to replead within THIRTY (30) DAYS** of the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 12, 2023
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge