UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC F. WRIGHT, SR.,

                      **Plaintiff,**

vs.                                                     1:22-cv-515 (MAD/ML)

MARTIN, HARDING AND MAZZOTTI, LLP,

                      **Defendant.**
_____

APPEARANCES:                                   OF COUNSEL:

**ERIC F. WRIGHT, SR.**
1038 Regent Street
Schenectady, New York 12309
Plaintiff *pro se*

**HODGSON, RUSS LAW FIRM**                 **GLEN P. DOHERTY, ESQ.**
677 Broadway – Suite 401
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

*Pro se* Plaintiff Eric Wright, Sr. commenced this action on May 17, 2022, alleging discrimination, retaliation, and a hostile work environment based on race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* Dkt. No. 1. On July 19, 2022, Magistrate Judge Lovric issued an Order and Report-Recommendation granting Plaintiff's motion to proceed *in forma pauperis* and recommending that the complaint be dismissed without prejudice. *See* Dkt. No. 7. On April 12, 2023, the Court adopted Magistrate Judge Lovric's Order and Report-Recommendation. *See* Dkt. No. 9.

On June 16, 2023, Plaintiff filed a ninety-five page amended claim again asserting claims under Title VII. *See* Dkt. No. 14. Currently before the Court is Defendant's unopposed motion for summary judgment. *See* Dkt. No. 21; *see also* Dkt. No. 24 (letter from Plaintiff indicating that he "will not be filing a response to Defendant's motion").

## II. BACKGROUND

On or about June 24, 2021, Plaintiff, by and through his counsel, Diederich Law Office, filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on race, national origin/ethnic heritage and gender. *See* Dkt. No. 21-1 at ¶ 1. On or about July 12, 2021, the EEOC dismissed Plaintiff's Charge of Discrimination. *See id.* at ¶ 2. In so doing, it advised Plaintiff of his right to commence a lawsuit against Defendant "**WITHIN 90 DAYS of your receipt of this notice** ... or your right to sue based on this charge will be lost." Dkt. No. 1-1 at 3 (emphasis in original). As explained by the EEOC, the basis for the Agency's dismissal was as follows:

> In accordance with these procedures, we have evaluated your charge based upon the information and evidence submitted. You allege that you were suspended and discharged because of your race/black and in retaliation for participating in protected activity.
>
> However, you did not engage in any protected activity against which to retaliate. Moreover, your allegations regarding your race are speculative and conclusory.

*Id.* at 2. In addition to sending Plaintiff a Right-to-Sue letter, on or about July 12, 2021, the EEOC also provided notice of same (via email) to his counsel. *See id.*

Plaintiff commenced this action against Defendant (and one of its attorneys) on May 17, 2022 – 309 days after the EEOC's issuance of the Right-to-Sue letter. *See* Dkt. No. 1.

## III. DISCUSSION

**A.     Standard of Review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson*, 477 U.S. at 255) (other citations omitted). Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute. *See Anderson*, 477 U.S. at 258.

The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case. *See id.* at 325. Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial. *See* Fed. R. Civ. P. 56(e). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations

3

omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

**B.      Timeliness**

"Before an aggrieved party can assert a Title VII claim in federal court, he is generally required to exhaust the administrative remedies provided by the statute." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) (citing *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015)). "That is, a Title VII plaintiff generally must file a charge of discrimination with the EEOC 'within three hundred days after the alleged unlawful employment practice occurred,'[1] ... and must then file an action in federal court within 90 days of receiving a

---

[1] The three-hundred-day look-back period is in fact an extended period that Title VII affords to plaintiffs complaining about conduct that occurred in a state with its own antidiscrimination enforcement mechanisms, which includes New York. As the Secondd Circuit explained more fully in *Ford v. Bernard Fineson Development Center*, 81 F.3d 304 (2d Cir. 1996):

> Discrimination claims under Title VII and the ADEA must ordinarily be "filed" with the EEOC within 180 days of the date on which the "alleged unlawful employment practice occurred." 42 USC § 2000e-5(e)(1); see 29 USC § 626(d)(1). However, if the alleged discrimination took place in a state or locality that has its own antidiscrimination laws and an agency to enforce those laws,

(continued...)

right-to-sue letter from the agency." *Id.* (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)).  "The 90-day period is strictly enforced, "*Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008), and "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Corp.*, 731 F.2d 143, 146 (2d Cir. 1984).

The ninety day time period is not a jurisdictional requirement, but is in the nature of a statute of limitations which may be tolled in certain situations.  *See id.*; *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982).  The Supreme Court has explained that the doctrine of equitable tolling may be applied to the ninety-day time limit in the following situations: (1) the plaintiff did not receive proper notice; (2) a motion for counsel is pending; (3) a court misleads the plaintiff into believing that he or she has fulfilled all of the necessary requirements, or (4) the defendant is guilty of misconduct which lulls the plaintiff to inaction.  *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).  It has also been recognized that equitable tolling may be appropriate if an EEOC official gives a plaintiff erroneous or misleading information.  *See Johnson*, 731 F.2d at 146.  Equitable tolling, however, will not apply unless the plaintiff has acted diligently to protect his rights.  *See Baldwin Cty.*, 466 U.S. at 151.

In the present matter, the EEOC sent Plaintiff and his attorney a Right-to-Sue letter dated July 12, 2021.  *See* Dkt. Nos. 21-4, 21-5 & 21-6.  More specifically, the EEOC sent counsel an

---

[1](...continued)
>then the time period for "fil[ing]" claims with the EEOC is extended to 300 days.  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. §§ 626(d)(2), 633(b).  In this case, the discrimination alleged by [the plaintiff] took place in New York, which has both antidiscrimination laws and an antidiscrimination agency.  The 300–day limit therefore applies.

*Id.* at 307.

email on July 12, 2021, stating that it made a determination with respect to Plaintiff's Charge of Discrimination, and directing counsel to log onto its portal to obtain the applicable documents, including the Right-to-Sue Letter. *See* Dkt. No. 21-6 at 2.

Plaintiff was required to file his complaint within 90 days following his or his counsel's receipt of the Right-to-Sue Letter, but he did not file his complaint until May 17, 2022 – 309 days after the EEOC's dispatch of the Right-to-Sue Letter to Plaintiff and his counsel. Plaintiff's failure to comply with the ninety-day filing deadline requires dismissal of the complaint. *See Jones v. N.Y.S. Metro D.D.S.O.*, 543 Fed. Appx. 20, 22 (2d Cir. 2013).

As noted above, Plaintiff filed a notice with the Court indicating that he does not intend to respond to Defendant's motion for summary judgment, which precludes the Court from finding that equitable tolling should apply. *See Rasmassen v. Sigma Corporation of America*, 27 F. Supp. 2d 388, 392 (E.D.N.Y. 1998) (holding that where a plaintiff fails to raise appropriate equitable considerations, the ninety day period should not be tolled and plaintiff's action should be dismissed); *see also Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (holding that the plaintiff bears the burden of demonstrating the appropriateness of equitable tolling). Even assuming he had responded to the pending motion and raised the issue of equitable tolling, the Court would nevertheless find it inapplicable to the present matter due to the fact that Plaintiff did not act diligently to protect his rights. In his complaint, Plaintiff alleges that he never received the original notice from the EEOC and only discovered that his case before the EEOC had been closed on February 16, 2022, when he spoke with the "EEOC Director" by telephone. *See* Dkt. No. 1-1 at 15-16. Rather than immediately filing his complaint in this Court, Plaintiff waited ninety-one (91) days before commencing this action. *See Bamba v. Fenton*, 758 Fed. Appx. 8, 11 (2d Cir. 2018) (holding that the plaintiff did not act with due diligence where she claimed that she

did not originally receive the right-to-sue letter when mailed by the EEOC, but still failed to file her complaint within ninety days of receipt of the second right-to-sue letter sent by the EEOC). Such a delay does not demonstrate the necessary due diligence to warrant the application of equitable tolling. Finally, the Court notes that, although Plaintiff is proceeding *pro se*, he acknowledges in his complaint that he has graduated from law school and that he was employed as a law clerk by Defendant.

Accordingly, the Court grants Defendant's motion for summary judgment.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 21) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 14, 2023
      Albany, New York

_Mae A. D'Agostino_
U.S. District Judge