UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC F. WRIGHT, SR.,

                           **Plaintiff,**

vs.                                                        1:22-cv-515
                                                          (MAD/ML)

MARTIN, HARDING AND MAZZOTTI, LLP,

                           **Defendant.**
_____

APPEARANCES:                                         OF COUNSEL:

**ERIC F. WRIGHT, SR.**
1038 Regent Street
Schenectady, New York 12309
Plaintiff *pro se*

**HODGSON, RUSS LAW FIRM**                    **GLEN P. DOHERTY, ESQ.**
677 Broadway – Suite 401
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    *Pro se* Plaintiff Eric Wright, Sr. commenced this action on May 17, 2022, alleging discrimination, retaliation, and a hostile work environment based on race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* Dkt. No. 1. On July 19, 2022, Magistrate Judge Lovric issued an Order and Report-Recommendation granting Plaintiff's motion to proceed *in forma pauperis* and recommending that the complaint be dismissed without prejudice. *See* Dkt. No. 7. On April 12, 2023, the Court adopted Magistrate Judge Lovric's Order and Report-Recommendation. *See* Dkt. No. 9.

On June 16, 2023, Plaintiff filed a ninety-five page amended complaint again asserting claims under Title VII. *See* Dkt. No. 14. On August 28, 2023, Defendant moved to dismiss or, in the alternative, for summary judgment. *See* Dkt. No. 21. In its motion, Defendant argued that Plaintiff's claims are time barred and that, alternatively, Plaintiff has failed to state a claim. *See* Dkt. No. 21-10. On August 30, 2023, Plaintiff submitted a letter indicated that he "will not be filing a response to Defendant's motion." Dkt. No. 24. In a November 14, 2023 Memorandum-Decision and Order, the Court granted Defendant's motion. *See* Dkt. No. 25. Specifically, the Court found that Plaintiff failed to file his complaint in this Court within ninety-days of the EEOC's right-to-sue letter and that he failed to establish that equitable tolling should apply. *See id.* at 4-6.

On November 27, 2023, Plaintiff filed a motion for reconsideration, which is currently before the Court. *See* Dkt. No. 27.

## II. BACKGROUND

On or about June 24, 2021, Plaintiff, by and through his counsel, Diederich Law Office, filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on race, national origin/ethnic heritage and gender. *See* Dkt. No. 21-1 at ¶ 1. On or about July 12, 2021, the EEOC dismissed Plaintiff's Charge of Discrimination. *See id.* at ¶ 2. In so doing, it advised Plaintiff of his right to commence a lawsuit against Defendant "**WITHIN 90 DAYS of your receipt of this notice** ... or your right to sue based on this charge will be lost." Dkt. No. 1-1 at 3 (emphasis in original). As explained by the EEOC, the basis for the Agency's dismissal was as follows:

> In accordance with these procedures, we have evaluated your charge based upon the information and evidence submitted. You allege that you were suspended and discharged because of your race/black and in retaliation for participating in protected activity.

> However, you did not engage in any protected activity against which to retaliate. Moreover, your allegations regarding your race are speculative and conclusory.

*Id.* at 2. In addition to sending Plaintiff a Right-to-Sue letter, on or about July 12, 2021, the EEOC also provided notice of same (via email) to his counsel. *See id.*

Plaintiff commenced this action against Defendant (and one of its attorneys) on May 17, 2022 – 309 days after the EEOC's issuance of the Right-to-Sue letter. *See* Dkt. No. 1.

### III. DISCUSSION

**A.    Standard of Review**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The burden of proof in a Rule 60(b) motion falls on the party challenging the earlier judgment. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).

The purpose of reconsideration is not for "advanc[ing] new facts, issues or arguments not previously presented to the Court." *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (citation omitted). Additionally, a motion for reconsideration should not be granted if the moving party "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Lichtenberg v. Besicorp Grp., Inc.*, 28 Fed. Appx. 73, 75 (2d Cir. 2002) (stating that "[a] motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the original motion was resolved'") (quotation omitted).

"In this district, there are only three circumstances under which a court will grant a motion for reconsideration: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice.'" *Lewis v. Martinez*, No. 9:15-cv-55, 2019 WL 2105562, *1 (N.D.N.Y. May 14, 2019) (quotation and other citation omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

**B.   Application**

In the present matter, Plaintiff does not identify an intervening change in controlling law or new evidence not previously available. Liberally construed, Plaintiff's motion apparently seeks to correct a clear error of law or prevent manifest injustice. However, Plaintiff does little more than criticize this Court's analysis in the November 14, 2023 Memorandum-Decision and Order, and contends that the Court erred in determining that he has failed to establish that he is entitled

4

to equitable tolling.  *See* Dkt. No. 27-2 at 7-18.  Plaintiff has failed to demonstrate that the Court should reconsider its previous decision.

As noted in the order granting Defendant's motion to dismiss, Plaintiff was required to file his complaint within ninety (90) days following his or his counsel's receipt of the right-to-sue letter.  However, Plaintiff did not file his complaint in this case until May 17, 2022 – 309 days after the EEOC's dispatch of the right-to-sue letter to both Plaintiff and his counsel.  Plaintiff's failure to comply with the ninety-day filing requirement warranted dismissal of this case.  *See Jones v. N.Y.S. Metro D.D.S.O.*, 543 Fed. Appx. 20, 22 (2d Cir. 2013).  Additionally, the Court found that because Plaintiff failed to file an opposition to Defendant's motion, he necessarily failed to establish his burden of proving extraordinary circumstances justified the application of equitable tolling.  *See Boos v. Runyon* , 201 F.3d 178, 185 (2d Cir. 2000).  Moreover, a party seeking reconsideration may not advance "issues or arguments not previously presented to the Court." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F. Supp. 3d 447, 457 (S.D.N.Y. 2014) (quoting *In re Fosamax Prods. Liab. Litig.*, 815 F. Supp. 2d 649, 651-52 (S.D.N.Y. 2011)). Once Defendant moved to dismiss Plaintiff's claims as time-barred on the face of the amended complaint, Plaintiff was required to raise any argument for tolling to refute Defendant's position, which he failed to do.  *See Olson v. Fed. Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004) (holding that the party claiming the benefit of equitable tolling bears the burden of demonstrating the doctrine's applicability).  Because Plaintiff failed to raise any grounds for equitable tolling in response to Defendant's motion, he cannot do so now on reconsideration.  *See id.*; *James v. England*, 226 F.R.D. 2, 7 (D.D.C. 2004) (refusing to consider the plaintiffs' arguments concerning equitable tolling that were raised for the first time in their motion for reconsideration, holding that "arguments that should have been previously raised, but

5

are only raised for the first time in a motion for reconsideration, will not be entertained by this Court") (citations omitted).

Despite the fact that Plaintiff's complaint was clearly untimely, the Court still engaged in an analysis to determine whether Plaintiff would be entitled to equitable tolling had he filed an opposition to Defendant's motion. To that end, the Court accepted Plaintiff's assertion that he did not learn of the EEOC's dismissal until February 16, 2022, but noted that Plaintiff still waited until May 17, 2022 to file his complaint. As the Court previously explained, Plaintiff's decision to wait a full three (3) months to file his complaint after learning of the EEOC's dismissal fails to demonstrate the due diligence required to warrant the application of equitable tolling, especially considering that Plaintiff was represented by legal counsel before the EEOC and Plaintiff himself graduated from law school. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (holding that equitable tolling of Title VII limitations period was improper when the plaintiff's attorney was out of the office when EEOC notice arrived and attorney filed complaint within thirty days from actually seeing the notice and stating that "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect"); *see also Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (holding that the district court must consider whether the person seeking application of the doctrine "has acted with reasonable diligence during the time period she seeks to have tolled"); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994).

The time for Plaintiff to advocate for the application of equitable tolling was in response to Defendant's motion to dismiss. Instead of setting forth his position, he informed the Court in writing that he would not be opposing Defendant's motion. By refusing to respond to Defendant's

motion to dismiss, Plaintiff failed to establish that his case is the type of rare and exceptional case warranting equitable tolling or that he acted with the requisite diligence.

Accordingly, the Court denies Plaintiff's motion for reconsideration.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 23, 2024
Albany, New York

Mae A. D'Agostino
U.S. District Judge